IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
MIDLAND-ODESSA DIVISION

FILED
SEP - 2 2011
CLERK, U.S. DISTRICT COURT
WESTERN DISTRICT OF TEXAS
BY _____ DEPUTY CLERK

| | |
|---|---|
| UNITED STATES OF AMERICA | § |
| | § No. 7:11-CR-294-01 |
| v. | § |
| | § |
| STEVEN SCOTT CANTRELL | § |

FACTUAL RESUME

**INFORMATION:**  Count One: Damage/Destroy Religious Property, 18 U.S.C. § 247(c), (d)(1)
Count Two: Use of Fire in Federal Felony, 18 U.S.C. § 844(h)
Count Three: Interference with Housing, 42 U.S.C. § 3631
Count Four: Federal Arson, 18 U.S.C. § 844(i)

**PLEA:**  Plead guilty to Counts One through Four, agree to restitution, and waive all appeal rights in exchange for three acceptance points and a promise not to charge a second violation of 18 U.S.C. § 844(h) in connection with the offense charged in Count Three.

**MAXIMUM PENALTY:**  Count One: Damage/Destroy Religious Property, 18 U.S.C. § 247(c), (d)(1)

Term of imprisonment for any term of years or for life and a fine up to the amount of $250,000, or twice the pecuniary gain or twice the pecuniary loss; a mandatory special assessment of $100.00 dollars; a term of supervised release of not more than five (5) years. Revocation of the term of supervised release could result in the imposition of an additional term of imprisonment. The effect of a revocation of a term of Supervised Release is to make the overall period of incarceration longer.

Restitution to victims or to the community, which may be mandatory under the law, and which the defendant agrees may include restitution arising from all relevant conduct, not limited to that arising from the offense of conviction alone; costs of incarceration and supervision.

Count Two: Use of Fire in Federal Felony, 18 U.S.C. § 844(h)

Mandatory sentence of 10 years for first conviction. The punishment for a conviction under this subsection must run consecutive to any penalty imposed for convictions under other subsections and cannot be probated or suspended in whole or in part.

Count Three: Interference with Housing, 42 U.S.C. § 3631

Term of imprisonment for up to ten years or, if the acts included an attempt to kill, a term of imprisonment for any term of years or for life, and a fine up to the amount of $250,000, or twice the pecuniary gain or twice the pecuniary loss; a mandatory special assessment of $100.00 dollars; a term of supervised release of not more than three (3) years. Revocation of the term of supervised release could result in the imposition of an additional term of imprisonment. The effect of a revocation of a term of Supervised Release is to make the overall period of incarceration longer.

Restitution to victims or to the community, which may be mandatory under the law, and which the defendant agrees may include restitution arising from all relevant conduct, not limited to that arising from the offense of conviction alone; costs of incarceration and supervision.

Count Four: Federal Arson, 18 U.S.C. § 844(i)

Term of imprisonment of not less than 5 years and not more than 20 years and a fine up to the amount of $250,000, or twice the pecuniary gain or twice the pecuniary loss; a mandatory special assessment of $100.00 dollars; a term of supervised release of not more than three (3) years. Revocation of the term of supervised release could result in the imposition of an additional term of imprisonment. The effect of a revocation of a term of Supervised Release is to make the overall period of incarceration longer.

Restitution to victims or to the community, which may be mandatory under the law, and which the defendant agrees may include restitution arising from all relevant conduct, not limited to that arising from the offense of conviction alone; costs of incarceration and supervision.

**ELEMENTS OF EACH OFFENSE:** The defendant agrees that he is guilty of each element of each offense described below:

Count One: To establish the offense alleged in Count One of the Information, the Government must prove the following elements beyond a reasonable doubt:

First: The defendant defaced, damaged or destroyed religious real property, or attempted to do so;

Second: The defendant acted intentionally; and

Third: The defendant acted because of the race, color, or ethnic characteristics of any individual associated with that religious real property.

...

| | |
|---|---|
| Count Two: | To establish the offense alleged in Count Two of the Information, the Government must prove the following elements beyond a reasonable doubt: |
| First: | The defendant committed a felony which may be prosecuted in a court of the United States; and |
| Second: | The defendant used fire to do so. |
| Count Three: | To establish the offense alleged in Count Three of the Information, the Government must prove the following elements beyond a reasonable doubt: |
| First: | The defendant used force or threat of force; |
| Second: | The defendant willfully injured, intimidated or interfered with another person, or attempted to do so; |
| Third: | The defendant acted because of the race, color, religion, sex, handicap, familial status, or national origin of that person; and |
| Fourth: | The defendant acted because that person was selling, purchasing, renting, financing, occupying, or contracting or negotiating for the sale, purchase, rental, financing or occupation of any dwelling, or applying for or participating in any service, organization, or facility relating to the business of selling or renting dwellings. |
| Count Four: | To establish the offense alleged in Count Four of the Information, the Government must prove the following elements beyond a reasonable doubt: |
| First: | The defendant maliciously damaged or destroyed, by use of fire, any building, vehicle, or other real or personal property; and |
| Second: | That real or personal property is used in interstate or foreign commerce or in any activity affecting interstate or foreign commerce. |

**STIPULATION OF FACTS:**

The defendant, Steven Scott Cantrell, is a member of the Aryan Brotherhood. Cantrell became a Sergeant in Ace Deuce, a branch of the Aryan brotherhood in New Mexico, while serving a prison sentence there. After relocating to Texas, Cantrell sought to prove himself to a branch of the Aryan Brotherhood in Texas ("ABT"). On or about December 28, 2010, in the Midland-Odessa Division of the Western District of Texas, as part of an effort to prove himself to the ABT, Cantrell went on an arson spree involving at least five fires.

First, Cantrell intentionally defaced, damaged or destroyed religious real property, that is, Cantrell set fire to Faith in Christ Church ("the Church") – a historic church with a predominately African-American congregation at or about 401 Vivian Street, Crane, Texas, because of the race, color, or ethnic characteristics of individuals associated with that property. Cantrell ransacked the Church and

**Factual Resume – Page 3**

wrote a series of threatening and racist messages in large letters across the wall of the church next to the pastor's office. In addition, Cantrell "tagged" the Church with references to Ace Deuce and the ABT. Cantrell's arson of the Church was also an attempt to kill C.H., a disabled African-American man who he saw passing by the church in his wheelchair. Cantrell attempted the murder of C.H. to gain status with the ABT. Cantrell acted intentionally when he attempted to kill C.H. Cantrell believed C.H. lived at the Church and believed C.H. was present in the Church when he set the fire.

Second, Cantrell by force or threat of force, intentionally and willfully attempted to injure, intimidate or interfere with J.C. by setting fire to a dwelling at or about 814 Alford St., in Crane, Texas, because Cantrell believed J.C. to be Jewish and because J.C. is or was renting or occupying that dwelling. This felony violation was committed by means of fire.

Third, Cantrell intentionally and maliciously damaged or destroyed, by means of fire, real or personal property used in interstate or foreign commerce or in any activity affecting interstate or foreign commerce, that is, Cantrell set fire to Craig's Gym, a for-profit Gym located at or about 701 Gaston Ave., in Crane, Texas because of the race, color, or ethnic characteristics of individuals associated with that property. Cantrell targeted Craig's gym because he believed the owners helped Mexican and African-American patrons and because the gym was owned by a Caucasian man married to a woman of Mexican-descent. Cantrell felt "disrespected" by a Caucasian man marrying a woman of Mexican-descent because he believed "the white race needed to be kept pure." Craig's Gym is actively used for a commercial purpose and is involved in economic activity affecting interstate or foreign commerce.

Fourth, Cantrell intentionally and maliciously damaged or destroyed, by means of fire, real or personal property used in interstate or foreign commerce or in any activity affecting interstate or foreign commerce, that is, Cantrell set fire to a church van located at or about the Tabernacle Baptist Church at 207 West 5th Street, in Crane, Texas. The van was involved in activity affecting interstate or foreign commerce.

Fifth, Cantrell intentionally and maliciously damaged or destroyed, by means of fire, real and/or personal property used in interstate or foreign commerce or in any activity affecting interstate or foreign commerce, that is, Cantrell set fire to a utility trailer located at or about the 500 block of Vivian Street, in Crane, Texas. The utility trailer was involved in activity affecting interstate or foreign commerce.

SIGNED and AGREED to on this the 2 day of Sep, 2011

_____
Steven Cantrell
Defendant

_____
Raymond K. Fivecoat
Attorney for Defendant