IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
MIDLAND-ODESSA DIVISION

| | | |
|---|---|---|
| STEVEN CANTRELL | ) | |
| | ) | |
| vs. | ) | NO. MO-12-CV-112 |
| | ) | NO. MO-11-CR-294 |
| UNITED STATES OF AMERICA | ) | |

**GOVERNMENT'S RESPONSE IN OPPOSITION TO PETITIONER'S MOTION TO VACATE SENTENCE PURSUANT TO 28 U.S.C. § 2255**

In response to Petitioner's Motion to Vacate Sentence Pursuant to 28 U.S.C.§ 2255 filed on December 6, 2012, the United States would show the Court the following:

**PROCEDURAL BACKGROUND**

On September 2, 2011, Petitioner waived Indictment and pleaded guilty, pursuant to a Plea Agreement, to an Information alleging several serious criminal offenses arising out of a series of arsons in Crane, Texas. In connection with Count One of the Information, Petitioner admitted that he intentionally destroyed religious real property because of the race and ethnicity of individuals associated with Faith in Christ Church;  and that he did so by means of fire and in a manner that involved an attempt to kill, all in violation of 18 U.S.C. §§ 247(c) & d(1), (3).  In connection with Count Two of the Information, Petitioner admitted that he intentionally used fire in committing the offense set forth in Count One, in violation of 18 U.S.C. § 844(h). In connection with Count Three of the Information, Petitioner admitted that he used fire to intimidate and interfere with an individual's housing arrangements because of the how Petitioner perceived that individual's religion, in violation of 42 U.S.C. § 3631. In connection with Count Four of the Information, Petitioner admitted he attempted to set fire to a business, Craig's Gym, in violation of 18 U.S.C. § 844(i). (Document # 1, #4, #6  and #7).

On approximately November 30, 2011, the Hon. Robert Junell sentenced Petitioner to concurrent prison terms of 330, 120, and 240 months in the United States Bureau of Prisons for Counts One, Three, and Four, and a consecutive prison term of 120 months on Count Two, for a total term of imprisonment of 450 months. (Document #9 and # 10). Petitioner was represented by Raymond Keith Fivecoat throughout his plea and sentencing.

On October 29, 2012, the Fifth Circuit affirmed Petitioner's conviction and sentences in an unpublished opinion, largely relying on the appellate waiver that was a part of his plea agreement with the Government. (Document #26).

The instant Motion was timely filed.

## PETITIONER'S CLAIMS

A. Double Jeopardy

In his first Ground for relief, Petitioner maintains that his convictions on Counts One and Two of the Information are multiplicitous, and therefore violate the Double Jeopardy Clause. Each count, he maintains, essentially charge him with the same "arson" offense involving the Faith in Christ Church.

In response, the Government quotes from and adopts its Brief before the Fifth Circuit in Petitioner's direct appeal:

> The Double Jeopardy Clause of the Constitution protects against multiple punishments for the same offense. *See Whalen v. United States*, 445 U.S. 684, 688,(1980); *United States v. Stovall*, 825 F.2d 817, 821 (5th Cir. 1987). In determining whether multiple punishments are constitutional, this Court looks to whether Congress intended for the defendant's actions to be subject to the punishment received. *United States v. Corona*, 108 F.3d 565, 572 (5th Cir. 1997). "If statutory language authorizes the punishment, there can be no double jeopardy violation." *Id.*
>
> In this case, as at least one court has already held, Congress intended for the defendant's actions to be subject to multiple punishments: penalized for both for destroying a church with racist motivations and for using fire to

commit that felony offense. *See United States v. Grassie*, 237 F.3d 1199, 1212-1215 (10th Cir. 2001) (rejecting a defendant's double jeopardy challenge to his conviction under § 844(h) based on an underlying felony of destroying a church by fire under § 247). The defendant here was convicted in Count 1 of the federal felony of 18 U.S.C. § 247(c), a civil rights statute that punishes "[w]hoever intentionally defaces, damages, or destroys any religious real property because of the race, color, or ethnic characteristics of any individual associated with that religious property." According to his plea agreement, his punishment for this Count was determined by § 247(d)(1), which sets forth a maximum sentence of life imprisonment because his act involved an attempt to kill.[…][1] According to the congressional findings, this statute was enacted as a result of the "serious national problem" of increased incidences of "arson or other destruction or vandalism of places of religious worship" and "violent interference with an individual's lawful exercise or attempted exercise of the right of religious freedom at a place of religious worship." *See* Church Arson Prevention Act of 1996, Pub. L. No. 104-155, § 2 (July 3, 1996).

Correspondingly, § 844(h)(1) creates a separate, independent offense distinct from the underlying federal felony in § 247. It proscribes a mandatory 10-year consecutive term of imprisonment for anyone who "uses fire or an explosive to commit *any felony* which may be prosecuted in a court of the United States." In comparison to § 247's aim of protecting civil rights and religious freedom, § 844(h) "reflects the view of Congress that fire . . . is especially dangerous because it can so easily get out of hand and cause widespread destruction and that therefore felonies effected by means of fire should be punished more severely than felonies effected by other means." *United States v. Konopka*, 409 F.3d 837, 839-40 (7th Cir. 2005) (citing cases). Thus, § 844(h) applies in any situation when fire is used to commit "any felony other than arson and conspiracy to commit arson," id., such as a violation of § 247(c). In fact, Congress even expressly included language directing that § 844(h) apply in situations in which the underlying felony itself provides for an enhanced punishment if committed by the use of fire, such as § 247 does. *Compare* § 844(h) (applying the enhancement to "any felony . . . including a felony which provides for an enhanced punishment if committed by the use of a deadly or dangerous weapon or device) *with* § 247(d)(2), (3) (prescribing increased statutory maximums in situations where "fire or an explosive" is used or threatened); *see also Grassie*, 237 F.3d at 1214-15) (the term "deadly or dangerous weapon or device" in § 844(h) includes fire). Accordingly, because the statutory language authorizes the punishment, there is no double jeopardy violation.

---

[1] The information alleged that the defendant's acts also involved the use of fire, which generally triggers an enhanced 20-year statutory maximum under § 245(d)(3). However, because the defendant admitted that his acts involved an intent to kill, he was actually subject to the higher statutory maximum of life imprisonment under § 245(d)(1).

Moreover, even if this Court were to find Congressional intent inconclusive, there is still no double jeopardy violation in this case. Where congressional intent proves inconclusive, this Court will determine "whether conviction under each statutory provision requires proof of an additional fact which the other does not." *United States v. Corona*, 108 F.3d 565, 572 (5th Cir. 1997) (quoting *United States v. Nguyen*, 28 F.3d 477, 482 (5th Cir. 1994)). Where punishment is assessed under multiple statutory provisions, each offense must require proof of a fact that is not part of the sum of the elements necessary to prove the other offenses. *Id.*; *see also Blockburger v. United States*, 284 U.S. 299 (1932).

Here, even under the *Blockburger* analysis employed in *Corona*, there is no double jeopardy violation. Unlike *Corona*, in which this Court found a double jeopardy violation when a defendant was punished for both arson and the use of fire under § 844(h), the information here charged the defendant with the destruction of a church under § 247(c), which—unlike § 844(h)—does not require the government to prove the use of fire as an essential element of the offense. See § 247(c) (applying whoever "intentionally defaces, damages, or destroys" religious real property).[2] Moreover, unlike § 844(h), § 247(c) does require the government to prove that the damaged property is "religious" in character and that the felony was motivated by "the race, color, or ethnic characteristics of any individual associated with that religious property." Accordingly, because both statutes require proof of an element not found in the other, it "cures the double jeopardy problem found in Corona." *United States v. Smith*, 354 F.3d 390, 398-400 (5th Cir. 2003).

For the reasons set forth in the Government's appellate brief, there is no double jeopardy violation due to Petitioner's convictions on Counts One and Two.

B. Withdrawal of Plea

In his second Ground, Petitioner says that he wanted to withdraw his guilty plea, but was not allowed to do so. Because there is no record of any motion to withdraw plea being filed, the Government will construe this as largely an allegation of attorney ineffectiveness.

---

[2] It is irrelevant to the Court's determination that the defendant here was charged with destroying Faith in Christ church "by means of fire" […]. This Court does not conduct a *Blockburg*er analysis by considering the facts of the case at hand; rather, "[d]etermining whether statutory offenses are separate for double jeopardy purposes involves parsing the statutes apart from the facts of any particular case." *Corona*, 108 F.3d at 572; *see also United States v. Dixon*, 509 U.S. 688, 712 (1993).

4

Petitioner's guilty pleas were accepted by this Court on the same day they were entered (Document # 5). In such circumstances, a defendant does not have an absolute right to withdraw a guilty plea. *United States v. London*, 568 F.3d 553, 562 (5th Cir. 2009). Rather, there must be "a fair and just reason" for the withdrawal. Fed. R. Crim. P. 11 (d)(2)(B). "The burden of establishing a 'fair and just reason' for withdrawing a guilty plea rests at all times with the defendant." *United States v. Lampazianie*, 251 F.3d 519, 524 (5th Cir. 2001).

In his Motion, Petitioner offers no "fair and just" reason that would have compelled his attorney to pursue court permission for a plea withdrawal. Thus he has not shown attorney error in failing to pursue such a motion.

C. Discovery, guideline misinformation, and a promise of a "light sentence."

Petitioner maintains that his attorney erred by not showing him discovery; by promising a "light sentence"; and by "misinforming" him about the Sentencing Guidelines.

Petitioner fails, however, to explain how additional discovery[3] review might have led to a different result, that is, a decision not to plead guilty. Nor does he articulate what was incorrect about his lawyer's guideline analysis, or what exactly was the "light sentence"[4] he was purportedly "promised." Wholly conclusory claims, like these, when presented on habeas review, can and should be denied without a hearing. *See, e.g., Green v. Johnson*, 160 F.3d 1029, 1043 (5th Cir. 1998); *Kinnamon v. Scott*, 40 F.3d 731, 734-35 (5th Cir. 1994); *Anderson v.*

---

[3] There was no formal "discovery" in this case anyway because Petitioner pleaded guilty to an Information. He was in state custody in Crane County for the arson when the federal investigation commenced. Petitioner fully confessed to the arson. His counsel, Mr. Fivecoat, was appointed by the state court initially, and negotiated a plea resolution with federal authorities on Petitioner's behalf. State charges were then dismissed as part of the federal resolution. As far as counsel for the Government can recall, the only "discovery" that was transmitted to Fivecoat were photos of racist/anti-Semitic graffiti that had been found on the church walls, and which appeared to be in Petitioner's handwriting. Fivecoat asked to see these items.

[4] Petitioner agreed to be sentenced in a range between 412 and 485 months of total imprisonment. Plea Agreement, Document # 7, ¶4. His ultimate sentence of 450 months is close to the midpoint of that range.

5

*Collins*, 18 F.3d 1208, 1221 (5th Cir. 1994); *United States v. Jones*, 614 F.2d 80, 82 (5th Cir. 1980).

D. Psychological Evaluation

Finally, Petitioner complains that his attorney failed to order a psychological evaluation. Here again, however, Petitioner does not explain whether his disorders, if any, were mentioned to his lawyer or how they should have been apparent to his lawyer. More importantly, Petitioner also does not explain how a psychological evaluation might have led to a colorable mitigation argument at sentencing; or to a legitimate competence question about his ability to enter a knowing and voluntary guilty plea; or to a plausible insanity defense to the charges themselves. This claim is similarly conclusory and should be denied.

WHEREFORE, PREMISES CONSIDERED, the United States respectfully submits that all things are regular in this conviction and sentence and that relief should be DENIED.

        Respectfully submitted,

        ROBERT PITMAN
        UNITED STATES ATTORNEY

By:   /s/ JOHN S. KLASSEN
      JOHN S. KLASSEN
      Assistant United States Attorney
      State Bar No. 11553500
      400 West Illinois, Suite 1200
      Midland, Texas 79701
      (432) 686-4110
      (432) 686-4131 (FAX)

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing was mailed on September 30, 2013 to Petitioner addressed as follows:

Steven Cantrell
#77216-280
USP
P.O. Box 1000
Lewisburg, PA 17837

/s/JOHN S. KLASSEN
JOHN S. KLASSEN
Assistant United States Attorney