**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF TEXAS**
**MIDLAND-ODESSA DIVISION**

**FILED**

NOV 1 8 2013

CLERK, U.S. DISTRICT COURT
WESTERN DISTRICT OF TEXAS
BY _____
DEPUTY CLERK

| | | |
|---|---|---|
| **STEVEN CANTRELL,** | § | |
| **Movant,** | § | |
| | § | **MO-12-CV-112** |
| **v.** | § | **MO-11-CR-294** |
| | § | |
| **UNITED STATES OF AMERICA,** | § | |
| **Respondent.** | § | |

## ORDER DENYING MOVANT'S MOTION UNDER 28 U.S.C. § 2255 TO VACATE, SET ASIDE, OR CORRECT SENTENCE AND DENYING A CERTIFICATE OF APPEALABILITY

Before the Court is Movant's Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence (Doc. 30). The Government filed a four-count Information against Movant on August 26, 2011, charging Movant with:

(1)    Defacing, damaging and destroying religious property by fire because of the race, color and ethnic characteristics of the individuals associated with that property. 18 U.S.C. § 247(c), (d)(3).

(2)    Use of fire in a federal felony. 18 U.S.C. § 844(h).

(3)    Interfering with housing. 18 U.S.C. § 3631.

(4)    Arson. 18 U.S.C. § 844(i).

Movant waived his right to an indictment on September 2, 2011. (Doc. 4). He pled guilty to all counts that same day pursuant to Federal Rule of Criminal Procedure 11(c)(1)(C), agreeing to a sentencing range of 412 to 485 months imprisonment. (Doc. 7 at 1–3). Movant also waived his right to appeal and to collaterally attack his sentence and conviction, preserving only a few narrow issues. (Doc. 7 at 5). Movant was sentenced and his judgment was entered on December 3, 2011. (Doc. 10). Movant received the following sentence: A 330-month term of imprisonment on Count

November 14, 2013 (JK)                                                    1

One and a 120-month term of imprisonment on Count Two, to be served consecutively. He also received a 120-month term of imprisonment on Count Three and a 240-month term of imprisonment on Count Four, to be served concurrently with Count One and Two. (*Id.*).

Movant appealed his sentence and conviction, but the Fifth Circuit affirmed on October 29, 2012. (Doc. 26). Movant raised several issues on direct appeal:

> (1)     The sentences in Counts One and Two are multiplicitous, violating Double Jeopardy, and constitute arithmetic error. Brief for Appellant at 4–7, *United States v. Cantrell*, No. 11-51221, 493 F. App'x 613, 2012 WL 1112884 at *4–7.

> (2)     Movant's plea was unknowing and involuntary because the district court erroneously informed him that he faced a mandatory consecutive sentence of ten years imprisonment on Count Two, ten years longer than he actually faced. *Id.* at 7–11.

Movant timely filed the instant § 2255 motion on November 29, 2012, when it was placed in the prison mail system. (Doc. 30 at 12). Movant raises four claims in his § 2255 motion:

> 1.     Double jeopardy with respect to his conviction and sentence in Counts One and Two;

> 2.     Involuntary and unknowing guilty plea; and

> 3.     Ineffective assistance of counsel

>> 3.1     Would not let Movant withdraw his guilty plea

>> 3.2     Failure to share discovery with Movant

>> 3.3     Misadvised and made false promises to Movant about his Guideline Sentencing exposure

>> 3.4     Failure to request psychological evaluation for Movant

## Discussion

Title 28 U.S.C. § 2255 provides relief for a federal prisoner who can establish that either: (1) his sentence was imposed in violation of the Constitution or laws of the United States; (2) the

November 14, 2013 (JK)                                                                                          2

sentencing court was without jurisdiction to impose the sentence; (3) the sentence was in excess of

the maximum authorized by law; or (4) the sentence is otherwise subject to collateral attack. *United*

*States v. Placente*, 81 F.3d 555, 558 (5th Cir. 1996); *United States v. Seyfert*, 67 F.3d 544, 546 (5th

Cir. 1995); *see* 28 U.S.C. § 2255.

     In other words, § 2255 relief is reserved for errors of a constitutional dimension and other

injuries that could not have been raised on direct appeal. *United States v. Payne*, 99 F.3d 1273, 1281

(5th Cir. 1996); *United States v. Gaudet*, 81 F.3d 585, 589 (5th Cir. 1996).  The Fifth Circuit has

repeatedly held that a convicted criminal defendant may not raise an issue, regardless of whether

constitutional or jurisdictional in nature, for the first time in a 28 U.S.C. § 2255 motion without

showing either "cause" and "actual prejudice" resulting from the error or that a complete miscarriage

of justice will result if the issues are left unaddressed.  *Gaudet*, 81 F.3d at 589; *United States v.*

*Acklen*, 47 F.3d 739, 741–42 (5th Cir. 1995).

### *Plea Waiver*

     Movant's agreement contains the following provisions:

>     Waiver of right to appeal or otherwise challenge sentence: Cantrell waives
> his rights, conferred by 28 U.S.C. § 1291 and 18 U.S.C. § 3742, to appeal from his
> conviction and sentence.  He further waives his right to contest his conviction and
> sentence in any collateral proceeding, including proceedings under 28 U.S.C. § 2241
> and 28 U.S.C. § 2255. Cantrell, however, reserves the rights to bring (a) a direct
> appeal of (i) a sentence exceeding the statutory maximum punishment, or (ii) an
> arithmetic error at sentencing; (b) to challenge the voluntariness of this plea of guilty
> or this waiver; and (c) to bring a claim of ineffective assistance of counsel.

(Doc. 7 at 5).

     The Fifth Circuit has upheld the informed and voluntary waiver of post-conviction relief in

*United States v. Wilkes*, 20 F.3d 651, 653 (5th Cir. 1994).  In *United Sates v. Henderson*, 72 F.3d

463, 465 (5th Cir. 1995), the Fifth Circuit held that a waiver may not be enforced against a § 2255

movant who claims ineffective assistance of counsel rendered that waiver unknowing or involuntary. In *United States v. White*, 307 F.3d 336, 343 (5th Cir. 2002), the Fifth Circuit held that an ineffective assistance of counsel claim raised in a § 2255 proceeding survives a waiver only when the claimed assistance directly affected the validity of that waiver or plea itself. More recently, the Fifth Circuit noted it has upheld § 2255 waivers except when there is an ineffective assistance of counsel claim that affects the validity of that waiver or the plea itself or when the sentence exceeds the statutory maximum. *United States v. Hollins*, 97 F. App'x 477, 479 (5th Cir. 2004) (not selected for publication).

Here, Movant has raised only two issues out of six that have not been waived by his plea agreement. Specifically, the following claims are barred by Movant's plea waiver:

Claim 1:    Movant's sentence and convictions in Counts One and Two violates double jeopardy.

Claim 2:    Voluntariness of plea[1]

Claim 3.1:    His attorney would not let Movant withdraw his guilty plea;

Claim 3.2:    His attorney's failure to share discovery with Movant; and

Claim 3.4:    His attorney's failure to request psychological evaluation for Movant.[2]

## 1.    Double Jeopardy

Movant entitles his first claim "Double Jeopardy," contending:

[I] was sentenced to 120 months stack (sic) charge when already charged with

---

[1] Although he titles this second claim "Voluntariness of plea," it is a misnomer. His actual claim does not lie with the voluntary or knowing nature of his guilty plea. Rather, he only complains he was not allowed to withdraw his guilty plea.

[2] As explained later, to the extent Movant intended for this to be a challenge to the voluntariness of his guilty, this issue is preserved and addressed on the merits.

arson charge.  Both "use of fire" and "arson" are the same things just worded differently. So (illegible) the double jeopardy clause – illegal under the USA Bill of Rights and other legal matters.

(Doc. 30 at 4).  Movant's claim is somewhat ambiguous, and appears to contain multiple claims.

The Court first addresses Movant's claim that his "use of fire" and "arson" convictions constitute double jeopardy because they are the same offense.  Nothing could be further from the truth.  Movant was charged in Count Two with using fire in commission of a federal felony, specifically the offense he committed in Count One, which was the destruction of Faith Christ Church. Movant was charged with arson in Count Four for burning down Craig's Gym, a completely separate building.  Therefore, in Movant's case, both are clearly separate offenses.[3]

In fact, all of Movant's offenses involve separate buildings and residences with the exception of Counts One and Two.  So in an abundance of caution, the Court also interprets Movant's claim as a challenge to his sentences in Counts One and Two for violating double jeopardy.  (Doc. 30 at 4).

First, this claim is barred by his plea waiver.  However, the Court also notes Movant raised this exact issue on direct appeal, which the Fifth Circuit denied because of Movant's plea waiver.  Because Movant has previously addressed this issue on direct appeal, he cannot raise it again in his § 2255 motion.  *See United States v. Frady*, 456 U.S. 152, 164 (1982).[4]  Alternatively, the Court finds Movant's claim fails on the merits, as well.

---

[3] This claim is also barred by Movant's plea waiver.

[4] "Once the defendant's chance to appeal has been waived or exhausted, however, we are entitled to presume he stands fairly and finally convicted, especially when, as here, he already has had a fair opportunity to present his federal claims to a federal forum. Our trial and appellate procedures are not so unreliable that we may not afford their completed operation any binding effect  beyond the next in a series of endless postconviction collateral attacks. To the contrary, a final judgment commands respect." *Frady*, 456 U.S. at 164–65.

November 14, 2013 (JK)                                                                                          5

Movant's claim is premised on the erroneous assumption that there is no distinction between the offenses of conviction in Counts One and Two.    To determine whether multiple punishments are constitutional or violate double jeopardy, the Court must first determine whether Congress intended for Movant's actions to be subject to the punishment he received. *United States v. Corona*, 108 F.3d 565, 572 (5th Cir. 1997) (citing *Missouri v. Hunter*, 459 U.S. 359, 368–69 (1983)). "If statutory language authorizes the punishment, there can be no double jeopardy violation." *Id.*

Here, the offense under Count One was for destruction of "any religious real property because of the race, color or ethnic characteristics of any individual associated with that religious property." 18 U.S.C. § 247(c).[5]   The purpose of this statute was to punish the religious, ethnic or racially charged animus for the offense—fire or no fire—as the House Report for its 1996 amendment explicitly states:

> When section 247 was initially passed in 1988, Congress intended to expand the circumstances under which there could be  federal prosecution for religiously motivated violence that crossed state lines. The bi-partisan bill was passed without dissent in the hope that its enactment would increase public awareness of hate crimes and help stem the tide of violence against religious organizations.
>
> . . .
>
> The Church Arson Prevention Act of 1996 will give new teeth to existing law and make it easier to punish those whose racial, ethnic or religious animus lead them to destroy religious property.

H.R. Rep. No. 104-621, at 3–4 (1996).   The House Report acknowledged an offender under this section could also be charged under the general arson statute for the same offense (as Movant was also charged with, here, in Count Two), expressing the legislature's intent "to expand the

---

[5] The sentence for this offense was enhanced to a mandatory minimum of twenty (2) years imprisonment under § 247(d)(3) because Movant used fire to cause this destruction.

circumstances under which there could be federal prosecution for religiously motivated violence that crossed state lines." *Id.* Congress desired this expansion because "bias crimes are 'more likely to provoke retaliatory crimes, inflict distinct emotional harms on their victims and incite community unrest.'" *Id.* (quoting *Rake v. Wade*, 508 U.S. 467, 488 (1993)).

Count Two's "use of fire in a federal felony" offense under 18 U.S.C. § 844(h), on the other hand, was enacted to punish the destructive nature and costly aftermath that arson crimes cause. Specifically, the House Report notes:

> Determining the persons responsible for causing the fire involves laborious analysis of insurance policy applications, records of property transfers, extensive corporate ownership records, balance sheets, profit and loss statements and comparison with information concerning other suspicious fires.
> Fire is used extensively not only for the criminal purposes of extortion, terrorism and revenge, but to conceal other crimes such as homicide, and for fraud against insurance companies.

H.R. Rep. 97-678, at 2 (1982).

In sum, both offenses are distinct, and Congress clearly intended to punish Movant for both his racial, ethnic, or religious animus as well as for the dangerous and costly nature of his actions. Therefore, Movant's claim is alternatively denied on the merits.

**2.       Involuntary and unknowing guilty plea**

Movant entitles his next issue "Voluntariness of plea," but actually contends:

> [I] was not allowed to re-draw (sic) my plea when [I] asked my lawyer to do so he stated he would not with-draw the plea–so my plea became involuntary when I was no longer willing to the plea also why would I plea-out to a charge that included a Double Jeopardy charge.

(Doc. 30 at 5). Movant implicitly acknowledges his original plea of guilty was voluntary, but contends it later became involuntary when he decided he wanted to withdraw it and was not allowed.

As Movant is not actually contesting the knowing and voluntary nature of his plea at the time it was made, Movant's claim is barred by his plea waiver.

Alternatively, the Court finds Movant's guilty plea was both knowing and voluntary.  Movant pleaded guilty pursuant to an 11(c)(1)(C) agreement that bound all parties, including the Court, to a stated sentencing range of 412 to 485 months.  (Doc. 7 at 3).  Movant was well aware of the potential sentencing range and the Court questioned Movant extensively  about his understanding of this plea agreement prior to accepting his guilty, ultimately finding Movant fully understood the ramifications of his decision and the decision was made voluntarily:

| The Court: | Is your willingness to plead guilty the result of discussions that you and your attorney have had with the attorney for the Government? In other words, have you reached a plea agreement? |
|---|---|
| The Defendant: | Yes, sir. |
| The Court: | Did you have an opportunity to read and discuss the plea agreement with your lawyer before you signed it? |
| The Defendant: | Yes, sir. |
| The Court: | Do you need any more time -- would you like to take -- read that plea agreement, ask some questions of Mr. Fivecoat or the Government's attorney or of me about the plea agreement? |
| The Defendant: | No, sir. |
| The Court: | Okay. Does the plea agreement represent the entire understanding and agreement that you have with the Government? |
| The Defendant: | Yes, sir. |
| The Court: | Do you understand the terms of the plea agreement? |
| The Defendant: | Yes, sir. |

(Doc. 18 at 10).

| The Court: | It is the finding of the Court in the case of United States versus Steven Cantrell that the Defendant is fully competent and capable of entering an informed plea, the Defendant is aware of the nature of the charges and consequences of the plea, and that the plea of guilty is a knowing and voluntary plea supported by an independent basis in fact containing each of the essential elements of the offense. |

(*Id.* at 29).

Further, with regards to Movant's assertion that his plea became involuntary after it was entered and he decided he no longer wished to be bound by it, the Court notes this argument has no legal basis.

Accordingly, Movant's claim fails on the merits, as well.

**3.    Ineffective assistance of counsel**

The Fifth Circuit recognizes ineffective assistance by trial or appellate counsel as satisfying the "cause" and "actual prejudice" standard. *Gaudet*, 81 F.3d at 589; *United States v. Acklen*, 47 F.3d 739, 742 (5th Cir. 1995). The constitutional standard for determining whether a criminal defendant has been denied effective assistance of counsel, as guaranteed by the Sixth Amendment, was announced by the Supreme Court in *Strickland v. Washington*, 466 U.S. 668 (1984), which established a two-prong test:

> First, the defendant must show that counsel's performance was deficient. This requires showing that counsel made errors so serious that counsel was not functioning as the "counsel" guaranteed by the Sixth Amendment. Second, the defendant must show that the deficient performance prejudiced the defense. This requires a showing that counsel's errors were so serious as to deprive the defendant of a fair trial, a trial whose result is reliable.

*Strickland*, 466 U.S. at 687.

*Ineffectiveness Prong*

In order to establish that his counsel's performance was constitutionally deficient, a convicted

defendant must show that counsel's representation "fell below an objective standard of reasonableness." *Id.* at 687–88. In so doing, a convicted defendant must carry the burden of proof and overcome a strong presumption that the conduct of his trial counsel falls within a wide range of reasonable professional assistance. *Id.* at 689. "An error by counsel, even if professionally unreasonable, does not warrant setting aside the judgment of a criminal proceeding if the error had no effect on the judgment." *Id.* at 691. It is strongly presumed that counsel has rendered adequate assistance and made all significant decisions in the exercise of reasonable professional judgment. *Id.* at 690.

### *Prejudice Prong*

To establish that he has sustained prejudice, the convicted defendant "must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Id.* at 694. In addition, analysis of the second or "prejudice" prong of the *Strickland* test must include an examination of whether counsel's deficient performance caused the outcome to be unreliable or the proceeding to be fundamentally unfair. *Lockhart*, 506 U.S. at 368–73. "Unreliability or unfairness does not result if the ineffectiveness of counsel does not deprive the defendant of any substantive or procedural right to which the law entitles him." *Id.* at 372.

Because a convicted defendant must satisfy both prongs of the *Strickland* test, failure to establish either deficient performance or prejudice makes it unnecessary to examine the other prong. *Strickland*, 466 U.S at 700; *Seyfert*, 67 F.3d at 547. Therefore, failure to establish that counsel's performance fell below an objective standard of reasonableness avoids the need to consider the issue of prejudice. *United States v. Hoskins*, 910 F.2d 309, 311 (5th Cir. 1990). It is also unnecessary to

consider whether counsel's performance was deficient where there is an insufficient showing of prejudice. *Black v. Collins*, 962 F.2d 394, 401 (5th Cir. 1992). Further, mere conclusory allegations in support of claims of ineffective assistance of counsel are insufficient, as a matter of law, to raise a constitutional issue. *Kinnamon v. Scott*, 40 F.3d 731, 735 (5th Cir. 1994).

### 3.1 Counsel ineffectively would not let Movant withdraw his guilty plea

Movant's next claim is essentially the same as the previous claim regarding the voluntariness of his guilty plea, but couched in the form of an ineffective assistance of counsel claim this time. He claims, "My lawyer . . . failed to let me with-draw my plea[.]" (Doc. 30 at 6). First, this claim is barred by Movant's plea waiver as he is not actually contesting the voluntariness of his guilty plea. Instead, he only complains he was not permitted to withdraw that voluntary plea. Second, this claim in entirely conclusory. *See Kinnamon*, 40 F.3d at 735. Therefore, Movant's claim is denied.

### 3.2 Failure to share discovery with Movant

Movant also claims "My lawyer did not show me any of my discovery[.]" (Doc. 30 at 6). The Court first notes this claim is barred by his plea waiver as Movant is not contending that this affected the knowing and voluntary nature of his plea in any way. Second, this claim is conclusory. *See Kinnamon*, 40 F.3d at 735. Movant has not alleged, let alone demonstrated, how this inaction cause him prejudice. Further, Movant acknowledged during his plea hearing that he knew he had not reviewed all of the discovery, but was still intentionally waiving his right to review all of the discovery.

| | |
|---|---|
| The Court: | And have you had a chance to read the discovery in the case? Discovery is all the reports and information that the Government has about these allegations. Have you had a chance to go through that information? |
| Mr. Fivecoat: | Your Honor, if I may address. We've had a limited amount of the |

|                   |                                                                                                                                                                                                                                                                                           |
|-------------------|-------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------|
|                   | discovery provided. We've been working in regards to the prior charge, discussing these, as well, that way. So there may be some discovery that we have not fully received, but we have discussed this case. We also -- Mr. Cantrell and I started with this case when it was initially charged in State court in Crane, as well. |
| The Court:        | Well, do you think, Mr. Fivecoat or Mr. Cantrell -- would y'all like some additional time to look at -- first of all, I don't know what discovery the Government has. I've never seen any of the discovery. So would you like some additional time to review that discovery and discuss it with your attorney? And your attorney can ask the attorneys for the Government about it. Do you want any additional time to do that? |
| The Defendant:    | No, sir. I would like to proceed.                                                                                                                                                                                                                                                          |
| The Court:        | Okay. And you understand I'm giving you the chance right now –                                                                                                                                                                                                                             |
| The Defendant:    | Yes, sir.                                                                                                                                                                                                                                                                                  |
| The Court:        | -- to do that? All right.                                                                                                                                                                                                                                                                  |
| The Defendant:    | I appreciate it.                                                                                                                                                                                                                                                                           |

(Doc. 18 at 8–9).

Therefore, Movant's claim is alternatively denied on the merits.

### 3.3 Misadvised and made false promises to Movant about his Guideline Sentencing exposure

Movant next claims "My lawyer . . . mis-informed (sic) me on my sentence guild-lines (sic) as well as made false promises of a light sentence if I took the plea deal[.]" (Doc. 30 at 6). To the extent this issue was meant to challenge the knowing or voluntary nature of his guilty plea, the Court finds it is conclusory as well as meritless.

A plea may be rendered involuntary due to an unfulfilled promise. *See United States v. Amaya*, 111 F.3d 386, 389 (5th Cir. 1997). "[W]hen a plea rests in any significant degree on a promise or agreement of the prosecutor, so that it can be said to be part of the inducement or

consideration, such promise must be fulfilled." *Santobello v. New York*, 404 U.S. 257, 262 (1971). However, for Movant to obtain relief under § 2255 "on the basis of alleged promises" that are inconsistent with representations made in open court at the time of the plea or with statements made in a signed court document, Movant must "prov[e] (1) the exact terms of the alleged promise, (2) exactly when, where, and by whom the promise was made, and (3) the precise identity of an eyewitness to the promise." *See United States v. Cervantes*, 132 F.3d 1106, 1110 (5th Cir. 1998).

The Court first finds Movant's argument to be conclusory, *see Kinnamon*, 40 F.3d at 735, because Movant has not carried that burden. He has failed to explain what he was specifically promised, when and where the promises were made by his counsel, and he has also not identified any possible witnesses of this alleged promise. Further, Movant told the Court during his 11(c)(1)(C) plea that no one had made any promises to him that were not encompassed in the plea agreement, (Doc. 18 at 11), and "[s]olemn declarations in open court carry a strong presumption of verity." *See Blackledge v. Allison*, 431 U.S. 63, 74 (1977). Therefore, Movant cannot establish ineffectiveness of counsel, because he swore under oath he was not made any other promises. For this same reason, he cannot establish prejudice either.

As to Movant's complaint about being misinformed about his Guideline Sentencing exposure, this claim is also conclusory. *See Kinnamon*, 40 F.3d at 735. Further, Movant's plea agreement explicitly stated it would bind the Court to sentence him between 412 and 485 months of imprisonment. (Doc. 7 at 3). At the plea hearing, the Court also questioned Movant extensively about his understanding of this plea agreement, ultimately concluding he understood the agreement and consequences of pleading guilty, and finding the plea was both knowing and voluntary. (Doc. 18 at 10, 29). Movant has provided no support to contradict this finding.

November 14, 2013 (JK)                                                                                          13

Based on all of Movant's sworn statements and documents which contradict his current conclusory claim, the Court denies Movant's claim, finding it meritless.

### 3.4 Psychological Evaluations

Lastly, Movant contends:

> My trail (sic) lawyer failed to request a psychological evaluation when I asked him so the court would have insight on my mental disorders.

(Doc. 30 at 4). Because of the ambiguity in Movant's claim, the Court construes and addresses his ineffectiveness of counsel claim in two ways: (1) A challenge to his competency to plead guilty, and (2) a challenge to an incomplete presentence investigation report (PSR). In either event, the Court finds his claim to be conclusory and, therefore, denies it as such. *See Kinnamon*, 40 F.3d at 735. Alternatively, his claim fails on the merits under either interpretation.

As to the challenge to his competency, the Court thoroughly inquired into Movant's mental competence prior to allowing him to plead guilty in this case.

| | |
|---|---|
| The Court: | Are you in good mental health? |
| The Defendant | Yes, sir. |
| . . . | . . . |
| The Court: | Do you believe you're mentally competent to enter this plea? |
| The Defendant: | Yes, sir. |
| The Court: | Mr. Fivecoat, do you believe the Defendant is competent to enter this plea? |
| Mr. Fivecoat: | Yes, Your Honor. |
| The Court: | Mr. Boutros, does the U.S.—does the Government have any information that would raise a question as to the Defendant's competency? |

Mr. Boutros:          No, Your Honor.

(Doc. 18 at 5–6).

The Court:            It is the finding of the Court in the case of United States versus
                      Steven Cantrell that the Defendant is fully competent and capable of
                      entering an informed plea, the Defendant is aware of the nature of the
                      charges and consequences of the plea, and that the plea of guilty is a
                      knowing and voluntary plea supported by an independent basis in fact
                      containing each of the essential elements of the offense.

(*Id.* at 29). While under oath at his rearraignment hearing, Movant had the opportunity to cast doubt

on his mental competence, but did not. Thus, because "[s]olemn declarations in open court carry a

strong presumption of verity," such as this, Movant has failed to establish prejudice or

ineffectiveness of counsel in regards to this claim. *See Blackledge v. Allison*, 431 U.S. 63, 74

(1977).

To the extent Movant is simply claiming his PSR did not contain information related to his

mental health that the Court should have considered in reaching a fair sentence, the Court first notes

this claim would be barred by Movant's plea waiver as it does not relate to the knowing or voluntary

nature of his plea—it relates only to sentencing issues. Alternatively, the Court also finds this claim

to be meritless. First, Movant's PSR noted:

> 98. The defendant stated he suffers from anxiety, however, he does not take
> medication for the disorder, nor does he feel he needs medication. During his
> interview with the United States Probation Officer, the defendant presented himself
> in an open and cooperative manner.
> 99. The defendant's mother explained the day prior to the instant federal
> offense she and the defendant's step-father took the defendant to the emergency room
> in Crane because the defendant was hearing voices which were telling him to hurt
> people. She recalled the doctor prescribed her son Clonazepam and released him
> from the hospital.

(PSR at 34). Therefore, to the extent Movant is complaining that his PSR did not contain pertinent

information about his mental health that the Court should have been advised of prior to sentencing,

November 14, 2013 (JK)                                                                              15

this claim is meritless.  Movant, himself, informed the Court about his mental disorders prior to sentencing, as stated in his PSR.  (PSR at 34).  Further, Movant has not indicated what, if anything, else was missing from the PSR that this Court should have or would been made aware of regarding his "mental disorders," had he actually been sent away for a psychological evaluation.

Therefore, Movant has failed to demonstrate prejudice as well as ineffectiveness of counsel in this regard.  Movant's claim is denied.

**Certificate of Appealability**

Because the Motion to Vacate filed in this case is governed by the Antiterrorism and Effective Death Penalty Act, codified as amended at 28 U.S.C. § 2253, a certificate of appealability is required before an appeal may proceed. *See Hallmark v. Johnson*, 118 F.3d 1073, 1076 (5th Cir. 1997)(noting that actions filed under either 28 U.S.C. § 2254 or §2255 require a certificate of appealability). "This is a jurisdictional prerequisite because the COA statute mandates that '[u]nless a circuit justice or judge issues a certificate of appealability, an appeal may not be taken to the court of appeals ....'" *Miller-El v. Cockrell*, 537 U.S. 322, 336 (2003) (citing 28 U.S.C. §2253(c)(1)).

A certificate of appealability will not issue unless the Movant makes "a substantial showing of the denial of a constitutional right," pursuant to 28 U.S.C. § 2253(c)(2), which requires a petitioner to demonstrate "that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Tennard v. Dretke*, 542 U.S. 274, 282 (2004) (quoting *Slack v. McDaniel*, 529 U.S. 473, 484 (2000)). Under the controlling standard, this requires a petitioner to show "that reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were 'adequate to deserve encouragement to proceed further.'" *Miller-El*, 537 U.S. at 336 (quoting *Slack v.*

*McDaniel*, 529 U.S. 473, 484 (2000)). Where denial of relief is based on procedural grounds, the petitioner must show not only that "jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right," but also that they "would find it debatable whether the district court was correct in its procedural ruling." *Slack*, 529 U.S. at 484.

A district court may deny a certificate of appealability, *sua sponte*, without requiring further briefing or argument. *See Alexander v. Johnson*, 211 F.3d 895, 898 (5th Cir. 2000). For all of the reasons discussed in the order, the Court concludes that jurists of reason would not debate whether any ruling in this case was correct or whether the Movant stated a valid claim of the denial of a constitutional right. Therefore, a certificate of appealability will not issue in this case.

### Conclusion

Accordingly, Movant's Motion to Vacate, Set Aside or Correct Sentence Under 28 U.S.C. § 2255 is denied and a certificate of appealability will not issue in this case.  (Doc. 30).

**It is so ordered.**

**Signed this** 15 **day of November, 2013.**

_____
Robert Junell
United States District Judge